972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edward D. RUTLEDGE, Plaintiff-Appellant,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York
corporation, Defendant-Appellee.
 No. 91-1385.
 United States Court of Appeals, Tenth Circuit.
 Aug. 6, 1992.
 
 Before JOHN P. MOORE, BRORBY and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Edward D. Rutledge appeals from an order granting Defendant International Business Machines Corporation's motion for summary judgment dismissing his claims of discriminatory discharge under 29 U.S.C. §§ 621-634 (the Age Discrimination in Employment Act, or ADEA), 42 U.S.C. § 2000e (Title VII), and 42 U.S.C. § 1981, on the ground that a release he executed waived the claims.[1] Plaintiff argues that he should have been afforded a trial on the question whether he knowingly and voluntarily executed the release. We conclude that summary judgment was appropriately granted on this question, and we therefore affirm.
 
 
 3
 The following facts are undisputed. Plaintiff, a fifty-three-year-old white male, was employed by Defendant as a Safety Specialist. His supervisor, Maria Martinez, is an Hispanic female. In June 1989, Martinez placed him "on notice," a status that could lead to termination if his performance did not improve.
 
 
 4
 Plaintiff attended a meeting in January 1990, at which Martinez handed out information about Defendant's Voluntary Transition Payment (VTP) program. The VTP program allowed employees within five years of eligibility for retirement to resign, receive a lump sum payment, and be given a leave of absence to "bridge the gap" until retirement during which time they would receive benefits and continue to accumulate retirement credits toward full retirement.
 
 
 5
 Plaintiff applied for the VTP program on February 8, 1990. The application form stated that the application "is entirely voluntary." Appellant's App. at 50. He was notified on February 22, 1990, that his application had been approved. The notification form informed him that he would have to sign a release of claims against Defendant, a copy of which was attached, advised him to thoroughly review and understand the effects of the release, and suggested that he may want to consult an attorney before signing the release. On May 5, 1990, Plaintiff signed the release. The release provides in part that Plaintiff releases Defendant
 
 
 6
 from any and all claims, demands, actions, and liabilities ... including but not limited to any claims, such as those under any federal or state law dealing with discrimination in employment on the basis of sex, race, national origin ... age ... which the undersigned had or now has....
 
 
 7
 Edward D. Rutledge, covenants with IBM to never institute any charge of employment discrimination with any agency or any suit or action at law or in equity against IBM ... by reason of any claim he had or now has relating to his employment with IBM.
 
 
 8
 Id. at 55. It further provides that Plaintiff acknowledges the release "is executed by him as his knowing and voluntary act." Id. He received his first check of $28,765 on May 31, 1990, which he promptly cashed. Within a day or two he filed administrative charges alleging that he was constructively discharged on the basis of age, sex, and/or race. He later commenced this action.
 
 
 9
 We review a summary judgment de novo and apply the same legal standard that the district court applies under Fed.R.Civ.P. 56(c). Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Rule 56(c).
 
 
 10
 Employment discrimination claims may be waived by agreement, but the waiver must have been knowing and voluntary. Torrez v. Public Serv. Co. of N.M., Inc., 908 F.2d 687, 689 (10th Cir.1990) (Title VII and § 1981); Bormann v. AT & T Communications, Inc., 875 F.2d 399, 402 (2d Cir.), cert. denied, 493 U.S. 924 (1989) (ADEA). In determining whether a waiver was knowing and voluntary, we employ a totality of the circumstances test which examines:
 
 
 11
 "1) the clarity and specificity of the release language; 2) the plaintiff's education and business experience; 3) the amount of time plaintiff had for deliberation about the release before signing it; 4) whether [p]laintiff knew or should have known his rights upon execution of the release; 5) whether plaintiff was encouraged to seek, or in fact received benefit of counsel; 6) whether there was an opportunity for negotiation of the terms of the Agreement; and 7) whether the consideration given in exchange for the waiver and accepted by the employee exceeds the benefits to which the employee was already entitled by contract or law."
 
 
 12
 Torrez, 908 F.2d at 689-90 (quoting Cirillo v. Arco Chem. Co., 862 F.2d 448, 451 (3d Cir.1988)).
 
 
 13
 The district court concluded that the language of the release was clear, unambiguous, and specifically mentioned waiver of employment discrimination claims; Plaintiff had twenty-five years of employment experience with Defendant and some post-high school education, and did not assert that he did not understand the release; he had almost three months to deliberate over the signing of the release; Defendant advised him to consult an attorney, although he did not actually do so; and the benefits he received under the VTP program exceed those to which he was otherwise entitled.[2] The district court characterized Plaintiff's assertion that he would be terminated if he did not sign the release as "merely speculation on his part." Addendum to Appellant's Opening Br., Mem. Decision at 6.
 
 
 14
 The parties agree with the district court's characterization of facts as to the first, second, and third factors. They further agree that Plaintiff had no opportunity to negotiate the terms of the release. With regard to the fourth factor, Plaintiff contends that he did not know his rights upon execution of the release because he was unaware he would receive severance pay if he was terminated. However, Plaintiff knew of his right not to be discriminated against on the basis of sex, age, or race, as evidenced by his filing of discrimination charges within days of receiving his severance pay.
 
 
 15
 With regard to the fifth factor, Plaintiff argues that he was not encouraged to consult an attorney. The form approving Plaintiff's VTP application stated, "You may want to consult with your attorney before signing the release." Appellant's App. at 51. This is sufficient encouragement.
 
 
 16
 With regard to the seventh factor, Plaintiff argues that he did not receive "much" consideration. It is undisputed that Plaintiff will receive the same lump sum payment under the VTP program as he would if he had been terminated, and that he will receive medical insurance under the VTP program that he would not have received had he been terminated. Defendant's Senior Benefits Analyst's affidavit states that Plaintiff will receive additional benefits and retirement income under the VTP program; Plaintiff's affidavit states that the only benefit he will receive under the VTP program that he would not have received if he were terminated is continued medical insurance. We cannot resolve this factual dispute on summary judgment.
 
 
 17
 The seventh Torrez factor is whether the consideration given exceeds the benefits to which the employee was already entitled by contract or law. Plaintiff was not entitled to a lump sum payment upon termination by contract or law. Rather, the lump sum payment was made to terminated employees pursuant to an unwritten company rule. Additionally, he received medical insurance coverage. Plaintiff received benefits to which he was not already entitled by contract or law.
 
 
 18
 Plaintiff argues that he was subjected to economic duress by being given a choice of signing the release or facing likely termination without severance pay. Economic duress is not one of the seven Torrez factors. Nevertheless, in Torrez the court considered the fact that the employee was given a choice between a nearly certain layoff with no retirement benefits and signing the release and obtaining retirement benefits as an additional indication that a release was not executed knowingly and voluntarily. There, however, the release failed to specifically waive employment discrimination claims, the plaintiff did not think the release waived those claims, he did not consult an attorney and was not encouraged to do so before signing the release, and he did not have the opportunity to negotiate the terms of the release. 908 F.2d at 690 and n. 3 (citing Coventry v. United States Steel Corp., 856 F.2d 514, 524 n. 12 (3d Cir.1988)). But see White v. General Motors Corp., 908 F.2d 669, 673 (10th Cir.1990) (under Kansas law, employer's threat that plaintiffs would be terminated without benefits if they did not sign release held insufficient to go to jury on question of duress where plaintiffs had two weeks to consider offer, and consulted with an attorney), cert. denied, 111 S.Ct. 788 (1991).
 
 
 19
 Contrary to the district court's ruling, it is undisputed that two supervisors told Plaintiff if he did not participate in the VTP program, he would be terminated. Appellant's App. at 71, 72, 108. It is also undisputed that he was told he would not receive severance pay if he were terminated. Id. at 108.[3] Thus, Plaintiff's choice was similar to that given to the employee in Torrez.
 
 
 20
 The Torrez factors favoring a determination that the release was executed knowingly and voluntarily are that the release clearly waived employment discrimination claims, and Plaintiff has never contended that he did not understand that the release waived such claims. Plaintiff had ample time to deliberate before signing the release. He was aware of his rights upon signing the release. He was encouraged to consult an attorney. He received consideration in excess of that to which he was otherwise entitled. In addition, the release expressly states that it was executed knowingly and voluntarily.
 
 
 21
 The factors favoring a contrary determination are that Plaintiff did not have an opportunity to negotiate the terms of the release, and he was given a choice of entering the VTP program and signing the release or losing his job and benefits.
 
 
 22
 A company's willingness to negotiate the terms of a waiver is evidence that the employee realized he was giving up potentially valuable legal rights in exchange for consideration. Bormann, 875 F.2d at 403 n. 1. Where clear evidence existed that an employee knew he was giving up important rights, the lack of an opportunity to negotiate the terms of a release alone was held insufficient to require a trial on voluntariness. Id. Here, Plaintiff was aware of the legal rights he was giving up.
 
 
 23
 While economic pressure was considered as one of several factors in Torrez supporting a determination that a release was not knowingly and voluntarily executed, economic pressure alone will not void an otherwise valid release. Cirillo, 862 F.2d at 452 n. 2.
 
 
 24
 Under the Torrez totality of the circumstances test, we conclude that any economic pressure exerted on Plaintiff, even coupled with the lack of opportunity to negotiate the terms of the release, does not entitle Plaintiff to a trial, in light of the numerous factors supporting a determination that Plaintiff executed the release knowingly and voluntarily. Our conclusion that the release was executed knowingly and voluntarily disposes of the § 1981 claim.
 
 
 25
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court also granted Defendant's motion to dismiss Plaintiff's § 1981 claim
 
 
 [2]
 The court determined that, although Plaintiff would have received the same lump sum payment had he been terminated, his retirement income under the VTP program was $300 per month higher than it would have been had he been terminated, and he is eligible for future retirement plan increases and receives complete medical coverage, group life insurance, and education assistance, none of which he would have received had he been terminated
 
 
 [3]
 Defendant's Senior Benefits Analyst stated in an affidavit that Plaintiff would have received the same lump sum payment regardless of whether he was terminated or he entered the VTP program. Id. at 90-92