Peter J. MURPHY, Kamalakar V. Narsule, Michael John Shelpack, Erach Maneska Singpurwala, and Stephen M. Zick, Plaintiffs,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.

No. 92 Civ. 4176.

United States District Court, S.D. New York.

Dec. 29, 1992.

---

Erach Maneska Singpurwala, Peter J. Murphy, pro se.

Anthony R. Mansfield, Valerie D. Ringel, Seward & Kissel, New York City, for defendant.

## MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

By motion heard and fully submitted on December 23, 1992, defendant International Business Machines Corporation ("IBM") seeks to dismiss on various grounds the complaint brought against it by *pro se* plaintiffs Peter J. Murphy, Kamalakar V. Narsule, Michael John Shelpack, Erach Maneska Singpurwala, and Stephen M. Zick. Because affidavits were received and considered, we treat the motion as one for summary judgment. Each plaintiff alleges a similar, but slightly different, set of facts in support of the same legal claim: that defendant constructively discharged each of the plaintiffs, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. Each plaintiff alleges that defendant IBM discharged him wrongfully by applying pressure, including threats of termination, to force the employee to accept IBM's nationwide Voluntary Transition Program Pre-Retirement Leave of Absence and Severance Pay Package.

Defendant's motion, filed October 6, 1992, asserts that, of these five plaintiffs, only Mr. Singpurwala filed a charge of age discrimination with the EEOC, and thus received a Right to Sue letter from the EEOC. Accordingly, it argues that as to all but Mr. Singpurwala, the complaint must be dismissed on jurisdictional grounds for failure to exhaust the administrative remedy. As to Mr. Singpurwala, defendant argues that he is barred by issue preclusion in the nature of *res judicata* because twice previously he had sued in this district, alleging the same claim based on the same facts. Judge Goettel of this Court consolidated and dismissed those cases by Memorandum Decision on June 2, 1992.[1]

In support of its motion to dismiss plaintiffs other than Mr. Singpurwala, defendant has submitted a September 21, 1992 affidavit of Mr. David Bream, Supervisor of the Charge Receipt Unit of the EEOC, for the New York State region, attesting that, as of September 17, 1992, none of the other four plaintiffs had filed an official charge with either the EEOC or the New York State Division of Human Rights. On November 30, 1992, the plaintiffs filed six separately bound stacks of paper in opposition to defendant's motion. Each thick binder contains a mix of photocopies of documentary evidence and argument, some of which are highlighted with side-tabs. Mixed in the fourth of these binders, but not separately tabbed, are copies of EEOC charges filed by plaintiffs Peter J. Murphy and Michael John Shelpack, each dated October 15, 1992 (*i.e.*, after defendant filed this motion). Also in the same packet, are copies of EEOC Right to Sue letters for those two plaintiffs, each dated Nov. 10, 1992 and signed by Mr. Harold F. Wilkes, Enforcement Manager. These letters explain that the EEOC investigation was terminated because a suit had already been filed.

Plaintiffs Kamalakar V. Narsule and Stephen M. Zick have not submitted copies of their EEOC charges, nor of any Right to Sue letters, presumably because they have not filed formal charges with the

---

1. An appeal is pending in those cases, numbered 91 Civ. 3110 (GLG) and 91 Civ. 6784 (GLG), however, that is "irrelevant to a determination of whether a judgment is final" for purposes of preclusion. *Miller v. Garrett,* 695 F.Supp. 740, 747 n. 4 (S.D.N.Y.1988); *Antonsen v. Ward,* 943 F.2d 198, 200–01 (2d Cir.1991); *Petrella v. Siegel,* 843 F.2d 87, 90 (2d Cir.1988) (*citing Huron Holding Co. v. Lincoln Mine Operating Co.,* 312 U.S. 183, 189, 61 S.Ct. 513, 515, 85 L.Ed. 725 (1941)).

EEOC. Accordingly, in reliance on the Bream affidavit submitted by defendant, *supra,* their complaint must be dismissed for failure to exhaust the administrative remedy. "No action based on a claim of age discrimination may be brought in federal court unless the claim was properly raised with the EEOC." *Miller v. ITT Corp.,* 755 F.2d 20, 23 (2d Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985).[2]

■ Those plaintiffs who did follow the administrative procedures and received Right to Sue letters (Mr. Singpurwala, Mr. Shelpack, and Mr. Murphy), were untimely in doing so. On July 10, 1991, the EEOC Enforcement Manager, Mr. Harold Wilkes, noted that Mr. Singpurwala's "charge was untimely filed with the Commission." Nonetheless, the EEOC *Notice of Right to Sue* purports to provide to Mr. Singpurwala the right to file a federal lawsuit. The Notice states in capital letters: "IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN 90 DAYS FROM THE RECEIPT OF THIS NOTICE OF RIGHT TO SUE. OTHERWISE YOUR RIGHT TO SUE IS LOST." This lawsuit was filed on June 5, 1992, almost one year later. Accordingly, Mr. Singpurwala's claim is untimely, and therefore, as to him, this lawsuit is time barred, in addition to being precluded by *res judicata.*

Neither Mr. Murphy, who was present on December 23, 1992, and argued on his own behalf, nor Mr. Shelpack, for whom Mr. Singpurwala argued, had filed an official charge with the EEOC until after defendant moved to dismiss the complaint based on their failure to file a charge. Those charges were not filed on a timely basis. Here again, Mr. Wilkes at the EEOC issued

each of these two plaintiffs a Right to Sue letter, these dated Nov. 10, 1992.

■ Mr. Shelpack's EEOC filing was untimely, because his employment with IBM ended on June 7, 1991, more than 300 days prior to his filing of a charge with the EEOC. Accordingly, Mr. Shelpack's complaint must be dismissed. *O'Malley v. GTE Service Corp.,* 758 F.2d 818, 820 (2d Cir.1985).

■ Insofar as concerns Mr. Murphy, in the third paragraph of his Affidavit in support of his charge, dated October 15, 1992, he attested:

> I was offered a Voluntary Transition Program package in December 1991. I reviewed the package and accepted the package on February 14, 1992. *I signed a waiver form which indicated that I would not sue the company in exchange for the [sic] accepting the Pre-Retirement Leave of Absence package.* I did not have an attorney review the waiver form. I do not remember if I was given the option of having an attorney review the waiver form. [Emphasis added].

In 1990, Congress enacted the Older Workers Benefit Protection Act, Pub.L. 101–433, § 201, 104 Stat. 978, 983, which amended 29 U.S.C. § 626(f) of the ADEA. Congress reaffirmed that the ADEA provides that an individual may waive his rights or claims pursuant to the ADEA, provided, however, that "the waiver is knowing and voluntary." *See Gilmer v. Interstate/Johnson Lane Corp.,* —— U.S. ——, —— n. 3, 111 S.Ct. 1647, 1653 n. 3, 114 L.Ed.2d 26 (1991); *Laniok v. Advisory Comm.,* 935 F.2d 1360, 1365 (2d Cir.1991)

2. Neither Mr. Narsule nor Mr. Zick attended the oral argument of the motion on December 23, 1992. Mr. Narsule had called chambers the day before to inform the Court that he would not be appearing, and to give his oral consent for co-plaintiff Mr. Singpurwala to appear on his behalf, as he had done at the previous hearing on September 1, 1992. Mr. Zick was present at the September 1 hearing, but not at the December 23, 1992 oral argument, nor has he communicated directly with the Court concerning his absence. In response to questioning from the bench, Mr. Singpurwala informed the Court

that Mr. Narsule, Mr. Zick, and Mr. Shelpack (who was also absent from the hearing) had given their permission to be represented by Mr. Singpurwala, because the three plaintiffs were working at their new jobs. While a party may appear *pro se,* there is no basis in law for such a party to appear by another *pro se* litigant, acting in effect as a lawyer for co-plaintiffs, without the benefit of a license, or proper training. The missing plaintiffs should not be prejudiced by their failure to attend, and the Court will resolve the motion as to them on the merits, rather than by their default to appear.

(Court of Appeals relied on "precedent upholding an individual's ability to settle or waive claims of discrimination in violation of the ADEA"). Mr. Murphy waived his right to sue IBM in a manner that was "knowing and voluntary" whether analyzed in a line-by-line comparison with the minimum statutory factors in amended section 626(f), or under the Second Circuit "totality of the circumstances" test adopted in *Bormann v. AT & T Communications, Inc.,* 875 F.2d 399, 403 (2d Cir.), *cert. denied,* 493 U.S. 924, 110 S.Ct. 292, 107 L.Ed.2d 272 (1989).

On July 1, 1992, in an age discrimination case which is factually and legally identical to this one, Judge McKenna of this Court issued an opinion dismissing a complaint against IBM, "in view of Plaintiff's knowing and voluntary execution of a valid release." *Frumkin v. IBM Corp.,* 801 F.Supp. 1029, 1043–44 (S.D.N.Y.1992). In another reported decision which considered the adequacy of the waiver form used by IBM in placing its older employees in the Voluntary Transition Payment Program, *Rutledge v. IBM Corp.,* 972 F.2d 357 (10th Cir.1992) (Table, text in WESTLAW), the district court's decision to dismiss the plaintiff's complaint against IBM for violation of the ADEA, based on facts and a legal theory identical to those alleged here, was affirmed.

Based on the facts, exhibits, affidavits, and arguments before the Court, this Court adopts the analysis and reasoning in the *Frumkin* and *Rutledge* cases, *supra,* and concludes that plaintiff Murphy knowingly and voluntarily waived his right to sue IBM for age discrimination when he accepted IBM's Severance Pay and Pre–Retirement Leave of Absence program. By signing the waiver form, as he admits that he did, he has given up his right to bring this lawsuit, and thus it must be dismissed.

The Clerk shall enter a single final judgment granting summary judgment dismissing the complaint as to all plaintiffs.

SO ORDERED.